UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANKLIN D. SCHAFER,

               Petitioner,    **No: 1:12-CV-00419-MAT**

    -vs-                       **DECISION AND ORDER**

THOMAS LaVALLEE,

               Respondent.

_____

## I.   Introduction

Franklin D. Schafer ("Petitioner") has filed a petition for a writ of habeas corpus application pursuant to 28 U.S.C. § 2254, alleging that he is being held in Respondent's custody in violation of his federal constitutional rights. Petitioner's state custody arises from a judgment of conviction entered against him on January 23, 2008, following a jury trial in Niagara County Court of New York State, on sexual abuse charges involving his step-grandchildren.

## II.   Factual Background

On January 3, 2009, six-year-old A.W., and her seven-year-old brother, M.W., stayed overnight at Petitioner's home in Ransomville, New York. The prosecution presented proof at trial that during their stay, Petitioner viewed a pornographic video with the children, permitted the children to lick sexual lubricants off each other's arms, applied sexual lubricant to A.W.'s vagina and performed oral sex on her, engaged in vaginal intercourse sex with A.W. About a week later, A.W. told her mother that she had "had sex

with Grandpa. . . [H]e put his weenie in me but it didn't fit."
A.W.'s mother contacted A.W.'s school psychologist, and the police
were notified.

Following an investigation and execution of a search warrant
at Petitioner's home, he was arrested and indicted on two counts of
Predatory Sexual Assault Against a Child (N.Y. PENAL LAW § 130.95),
one count of Sexual Abuse in the First Degree (N.Y. PENAL LAW
§ 130.65(3)), and two counts of Endangering the Welfare of a Child
(N.Y. PENAL LAW § 260.10(1)). On June 9, 2009, Petitioner proceeded
to trial in Niagara County Court before the Honorable Sara S.
Sperrazza and a jury.

Both victims testified at trial, as did Petitioner.[1] The jury
acquitted Petitioner of the count of Predatory Sexual Assault
Against a Child involving the allegations of vaginal sexual
intercourse with A.W. The jury convicted Petitioner of the other
count of Predatory Sexual Assault Against a Child, the count of
Sexual Abuse in the First Degree, and both counts of Endangering
the Welfare of a Child.

The trial court sentenced Petitioner to an indeterminate
prison term of twenty years to life for Predatory Sexual Assault

---

[1]
Because the Court is dismissing all of Petitioner's
claims on procedural grounds, or as non-cognizable, the
Court refers the reader to the comprehensive summary of
the trial testimony in Respondent's Memorandum of Law
(Dkt #20).

Against a Child, a determinate prison term of seven years with ten years of post-release supervision for Sexual Abuse in the First Degree, and a determinate term of one year for each conviction of Endangering the Welfare of a Child. All sentences were set to run concurrently with each other.

Represented by counsel, Petitioner appealed to the Appellate Division, Fourth Department, of New York State Supreme Court and argued that the trial court committed reversible error because it (1) did not read back all relevant testimony to the jury in response to its request; (2) denied Petitioner's request to call, as a witness, the assistant district attorney who interviewed A.W. and M.W. as part of the criminal investigation; (3) admitted testimonial portions of A.W.'s medical examination into evidence; (4) excluded Petitioner's testimony regarding the victims' reputations in the community for truthfulness; and (5) excluded, pursuant to New York's Rape Shield Law, see New York Criminal Procedure Law ("C.P.L.") § 60.42(5), Petitioner's testimony concerning some sexual behavior by the victims that he allegedly witnessed.

By Decision and Order dated February 10, 2011, the Appellate Division unanimously affirmed the judgment of conviction. People v. Schafer, 81 A.D.3d 1361 (4th Dep't 2011). Petitioner sought leave to appeal to appeal to the New York State Court of Appeals. See Respondent's Exhibit ("Resp't Ex.") F. On September 22, 2011, a

judge of the New York Court of Appeals denied leave to appeal. People v. Schafer, 17 N.Y.3d 861 (2011).

Represented by a new attorney, Petitioner filed the instant habeas petition on May 7, 2012, claiming that the trial court (1) denied his right to a jury trial when it directed the court reporter not to read back A.W.'s testimony concerning uncharged acts of oral sodomy; (2) denied his "right to confrontation" because it precluded the defense from calling the prosecutor who interviewed A.W. and M.W.; (3) denied his right to confrontation because it admitted A.W.'s medical report into evidence as a business record; (4) denied his right to testify in his defense by precluding him from testifying about the victims' reputations for truthfulness; and (5) denied his right to testify in his defense when it applied the Rape Shield Law to preclude him from testifying about the victims' sexual behavior.

Respondent answered the petition, acknowledging that it is timely but arguing that most of the claims are unexhausted and procedurally barred and are, in any event, without merit or non-cognizable Petitioner's habeas counsel filed a reply declaration that does not address any of Respondent's procedural arguments and merely reargues the merits of Petitioner's claims.

This matter has been transferred to the undersigned for disposition. For the reasons set forth below, Petitioner's request

for a writ of habeas corpus is denied, and the petition is dismissed.

## III. Exhaustion of State Remedies

A habeas petitioner generally must exhaust all state-provided remedies before seeking review in federal district court. See 28 U.S.C. § 2254(a); O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999). The exhaustion requirement means that a petitioner must fairly present to the state court the same federal constitutional claim that he wishes to raise in federal court.

The Second Circuit has explained that "[a] defendant may . . . fairly present the substance of a federal constitutional claim to the state court without citing '"book and verse on the federal constitution."'" Daye v. Attorney Gen'l of N.Y., 696 F.2d 186, 192 (2d Cir. 1982) (en banc) (quoting Picard v. Connor, 404 U.S. 270, 278 (1971) (quoting Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)). Essentially, the habeas petitioner must ensure that in state court "the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature." Id. This may be accomplished by "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the

-5-

mainstream of constitutional litigation." <u>Id.</u> at 194. In addition to fairly presenting the claim in constitutional terms, the habeas petitioner must have pursued review of the claim by the highest state court from which appellate review may be obtained. <u>O'Sullivan</u>, 526 U.S. at 845-48.

## B.    Claims That Are Exhausted

Respondent concedes that Petitioner exhausted his claim that the trial court denied his rights to compulsory process and to present a defense when it  precluded him from calling the prosecutor who interviewed the victims. <u>See</u> <u>Wade v. Mantello</u>, 333 F.3d 51, 57 (2d Cir. 2003) (noting that criminal defendants are "entitled by the Constitution to a meaningful opportunity to present a complete defense"); <u>Clark v. Arizona</u>, 548 U.S. 735, 769 (2006) (holding that the right to present a complete defense is "a matter of simple due process").

Respondent also concedes that Petitioner exhausted his claim that the trial court denied him his constitutional right to testify in his own defense when it precluded him from testifying about the sexual behavior of A.W. and M.W. he allegedly witnessed. Petitioner raised this claim in constitutional terms by citing the Sixth Amendment in his Appellate Division brief and leave letter to the New York Court of Appeals.

## C.   Claims That Were Not "Fairly Presented"

However, Respondent argues, Petitioner did not fairly present, in federal constitutional terms, his claim that he was denied his right to a jury trial when the trial court directed the court reporter not to read back certain portions of A.W.'s testimony concerning uncharged acts of oral sodomy. In his Appellate Division brief, Petitioner argued that the trial court committed "reversible error because it refused to reasonably assist the jury during its deliberations by ordering that all relevant trial testimony be read back upon request. . . ." Resp't Ex. A at 16. Petitioner relied on C.P.L. § 310.30, "the statutory basis for deliberating juries to request assistant from the trial court," Resp't Ex. A at p. 17, and cited six state-court cases which did not employ constitutional analyses.

In his application for leave to appeal to the New York Court of Appeals, by contrast, Petitioner asserted that the incomplete read-back denied him his Sixth Amendment right to a jury trial. See Resp't Ex. F at p. 1. As Respondent notes, however, it is well-settled that "raising a federal claim for the first time in an application for discretionary review to a state's highest court is insufficient for exhaustion purposes." St. Helen v. Senkowski, 374 F.3d 181, 183 (2d Cir. 2004) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989) ("[W]here [a] claim has been presented for the first and only time in a procedural context in which its merits

will not be considered unless there are special and important reasons therefor, [it will not] constitute fair presentation.")). Since the New York Court of Appeals here denied Petitioner permission to appeal, it did not consider the substance of Petitioner's appeal and, of course, did not consider the merits of any of Petitioner's claims, including the argument that the selective read-back violated his constitutional rights. Therefore, the read-back claim is unexhausted. E.g., Johnson v. New York, 851 F. Supp.2d 713, 722 (S.D.N.Y. 2012) ("Although [the petitioner] raised the DOCS Claim in his application to the New York Court of Appeals seeking leave to appeal, raising a claim for the first time before the Court of Appeals is insufficient to exhaust the claim if the Court of Appeals does not actually consider it.") (citations omitted).

Respondent argues that Petitioner did not exhaust his claim that he was he was denied his right to confrontation under the Sixth Amendment because the trial court introduced one of A.W.'s medical records into evidence under the business record exception to the rule against hearsay. As Respondent points out, Petitioner did not specifically mention the Sixth Amendment's Confrontation Clause claim in his appellate brief. Rather, Petitioner's appellate counsel only argued that the trial court "committed reversible error by allowing the testimonial portions of [the victim's] . . .

medical exam to be entered into evidence over hearsay objection." Resp't Ex. A at 21.

"The Second Circuit 'adhere[s] to the principle that, as a general matter, a hearsay objection by itself does not automatically preserve a Confrontation Clause claim.'" Corchado v. Rabideau, 576 F. Supp.2d 433, 453 (W.D.N.Y. 2008) (quoting United States v. Dukagjini, 326 F.3d 45, 60 (2d Cir. 2003) (citing Daye, 696 F.2d at 193; United States v. LaHue, 261 F.3d 993, 1009 (10th Cir. 2001), cert. denied, 534 U.S. 1083 (2002)). "While there is substantial overlap between the evidentiary rules of hearsay and the constitutional right of confrontation, the two doctrines are not identical." Barber v. Scully, 557 F. Supp. 1292, 1294 (S.D.N.Y. 1983) (citing Ohio v. Roberts, 448 U.S. 56, 66 (1980)). Thus, "a hearsay objection or claim does not automatically 'call to mind' the Sixth Amendment's Confrontation Clause." Corchado, 576 F. Supp.2d at 453-54 (citing Daye, 696 F.2d at 193) (finding that "defendant's claim that he was deprived of a fair trial because of the admission in evidence of a statement objectionable as hearsay would not put the court on notice that the defendant claimed a violation of his constitutional right to be confronted by his accusers"). Although Petitioner here subsequently asserted a claim under the Sixth Amendment's Confrontation Clause claim in his application for leave to appeal, Resp't Ex. F at 2, that was insufficient to fairly present the claim for exhaustion purposes

-9-

because the Court of Appeals never actually considered Petitioner's case. See, e.g., St. Helen, 374 F.3d at 183.

Petitioner also did not exhaust his claim that the trial court denied his right to testify when it precluded him from testifying about the victims' reputations for truthfulness. Although Petitioner asserted on direct appeal that the trial court "committed reversible error", Resp't Ex. A at 24, when it excluded such testimony, he did not cite any constitutional provision, or any Supreme Court or other federal case law. Instead, Petitioner relied exclusively on two state-court appellate cases which addressed whether trial courts, as a matter of state law, had committed reversible error by excluding testimony concerning a witness' reputation in her community for truth and veracity. Resp't Ex. A at 25 (citations omitted)). This was insufficient to fairly present the evidentiary claim in federal constitutional terms for exhaustion purposes. See Taylor v. Scully, 535 F. Supp. 272, 274-75 (S.D.N.Y. 1982) (holding that petitioner did not, by bare reference to principles of due process, "fairly present" to state court legal basis of claim that trial court committed "reversible error" by denying his motion to exclude testimony that he displayed gun prior to drug sale that led to his conviction and thus petitioner had not exhausted state remedies with respect to such claim); see also Ayala v. Scully, 640 F. Supp. 179, 181-82 (S.D.N.Y. 1986) ("Where, as here, however, petitioner simply framed the issue in terms of a

state law evidentiary violation by arguing that the 'slight probative value of the evidence' admitted was outweighed by the 'prejudice to the accused,' the state court is not properly alerted to any federal constitutional claim.") (citing <u>Petrucelli v. Coombe</u>, 735 F.2d 684, 688 (2d, Cir. 1984); internal citation to record omitted)). Although Petitioner eventually framed this issue as a Sixth Amendment claim in his application for leave to appeal to the New York Court of Appeals, that court denied leave to appeal and never considered Petitioner's claim. Therefore, Petitioner's claim concerning the excluded testimony is unexhausted.

**D.** **The Unexhausted Claims Must Be "Deemed Exhausted" and Procedural Defaulted.**

In the context of the habeas exhaustion requirement, a federal court "need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." <u>Harris v. Reed</u>, 489 U.S. 255, 263 n. 9 (1989); <u>see</u> <u>also</u> <u>Grey v. Hoke</u>, 933 F.2d 117, 120 (2d Cir. 1991). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." <u>Grey</u>, 933 F.2d at 120.

All of Petitioner's unexhausted claims concern rulings by the trial court and thus are record-based. Because all of these claims could have been raised on direct appeal, Petitioner is now barred from raising them in a collateral motion to vacate the judgment in state court. <u>See</u> N.Y. CRIM. PROC. LAW § 440.10(2)(c) (mandating

that the trial court "must" deny any issue raised in a C.P.L. § 440.10 motion where the defendant unjustifiably failed to argue such violation on direct appeal despite a sufficient record to do so); Aparicio v. Artuz, F.2d (2d Cir. 2001) ("New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal.") (citing N.Y. CRIM. PROC. LAW § 440.10(2)(c)). Petitioner cannot pursue a second direct appeal, for under New York State law, a criminal defendant is only entitled to one appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals. See N.Y. CT. RULE 500.20(2) (providing that application for leave to appeal to the New York Court of Appeals in a criminal case pursuant to C.P.L. § 460.20 must include statement that "no application for the same relief has been addressed to a justice of the Appellate Division, as only one application is available"); N.Y. CRIM. PROC. LAW § 450.10(1); see also N.Y. CT. RULES 500.20(d).

As Petitioner has no further recourse in state court, all of his unexhausted claims should be deemed exhausted. See, e.g., Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) ("Reyes's claim should be deemed exhausted because any attempt at exhaustion in the face of this procedural default would be futile."). The foregoing procedural bars to presentment in state court, which cause the Court to deem the claims exhausted, also render them procedurally

defaulted. <u>Id.</u> ("Although Petitioner's claim of ineffective assistance is deemed exhausted, we nonetheless find that, by defaulting on that claim in state court, Reyes forfeits that claim on federal habeas review, even though the claim is brought as cause for another procedural default.") (citing <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996)).

To avoid such a procedural default, a habeas petitioner must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. <u>Gray</u>, 518 U.S. at 162 (citations omitted). Petitioner has wholly failed to address Respondent's arguments concerning the non-exhaustion defense. He has made no attempt to proffer any explanation for his failure to fully pursue his state court remedies. Finding no basis on the record before this Court to excuse the procedural defaults, the unexhausted claims are dismissed as procedurally barred and without reaching their merits.

## IV. The Adequate and Independent State Ground Doctrine and Procedural Default

### A.        General Legal Principles

"Federal courts generally will not consider a federal issue in a case 'if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" <u>Garvey v. Duncan</u>, 485 F.3d 709, 714 (2d Cir. 2007) (quoting <u>Lee v. Kemna</u>, 534 U.S. 362, 375 (2002)

(alteration and emphases omitted in Garvey)). Only a "firmly established and regularly followed state practice" may be interposed by a state to prevent subsequent review by this Court of a federal constitutional claim. Id. (citing Lee, 534 U.S. at 375). Because the adequacy of a state procedural bar is itself a federal question, Lee, 534 U.S. at 375, the habeas court "must ascertain whether the state rule at issue . . . is firmly established and regularly followed, and further whether application of that rule in th[e] [particular] case would be exorbitant." Garvey, 485 F.3d at 714.

**B.    The Compulsory Process Claim Is Procedurally Barred**

Petitioner claims that he was denied his right to compulsory process because the trial court struck the prosecutor from the defense's witness list and precluded Petitioner from calling her as a witness. The Appellate Division found that Petitioner "failed to preserve" this claim for appellate review. People v. Schafer, 81 A.D.3d at 1362. The Appellate Division elaborated, noting that "[a]lthough [Petitioner] included the prosecutor on his witness list and thus requested permission to call her as a witness, that request was not based upon any of the reasons that he now raises on appeal." Id.

The Appellate Division here relied upon New York's "contemporaneous objection rule", codified at C.P.L. § 470.05(2), to reject the compulsory process claim. To preserve a claim of

trial error under C.P.L. § 470.05(2), a defendant must make his specific position known to the court. People v. Gray, 86 N.Y.2d 10, 19 (1995). The purpose of the contemporaneous objection rule "is to apprise the trial judge and the prosecutor of the nature and scope of the matter defendant contests, so that it may be dealt with at that time." Garvey, 485 F.3d at 714 (citation omitted). Importantly, a general objection is insufficient to properly preserve a claim for appellate review. Id.

A corollary to the contemporaneous objection rule is that when a where a defendant lodges a trial objection based on a particular argument, and then argues a different legal basis for his position on appeal, the claim will be found unpreserved. See, e.g., People v. Smith, 24 A.D.3d 1253, 1253 (4th Dep't 2005) ("Defendant's further contention that the court erred in allowing the undercover officer to bolster his own identification testimony is not preserved for our review because defendant objected to the testimony of that officer at trial on a ground different from that now asserted on appeal[.]") (citations omitted); People v. Dunbar, 145 A.D.2d 501, 501-02 (2d Dep't 1988) ("[D]efendant's contention that he was denied his right of confrontation as a result of the trial court's curtailment of defense counsel's cross examination on the issue of the complainant's parole status based on a prior robbery conviction, was not preserved for appellate review. Defense counsel, in response to the trial court's ruling, only argued that

the questioning was relevant to the issue of credibility. He never registered a protest on the basis of a denial of the defendant's right of confrontation.") (citations omitted); <u>see</u> <u>also</u> <u>People v. Folkes</u>, 43 A.D.3d 957-58 (2d Dep't 2007). As these cases demonstrate, this rule has been regularly and consistently applied in circumstances akin to those presented by Petitioner's case. <u>See id.</u>

In sum, the Court has no difficulty in concluding that the procedural rule relied upon in Petitioner's case was both independent of the federal question and adequate to support the judgment. Accordingly, the Court finds that the claim is procedurally defaulted. The question arises whether the procedural default can be excused. As explained above, Petitioner has not attempted to make the required showing, and no bases for excusing the default are apparent on the record. The Court therefore dismisses the compulsory process claim as procedurally defaulted and does not reach the claim's merits.

**C.  The "Right to Present a Defense" Claim Based on the Preclusion of Testimony Regarding the Victims' Sexual Behavior is Procedurally Barred.**

Petitioner claims, as he did on direct appeal, that the trial court denied his constitutional right to testify in his own defense when it precluded him from testifying that during one of his grandchildren's visits, he saw them "'dry-humping' themselves", at which point he separated them and punished them by withholding

their television privileges. Petitioner contends that this testimony was probative of bias and the victims' motive to fabricate false charges against him.

On direct appeal, the Appellate Division relied upon the contemporaneous objection rule to reject this claim as follows: "To the extent that defendant contends that he was . . . denied his right to present a defense, he failed to preserve his contention for our review[.]" People v. Schafer, 81 A.D.3d at 1362 (citing People v. Angelo, 88 N.Y.2d 217, 222 (1996) ("Because defendant failed to present [his] constitutional claims to County Court, however, they are unpreserved for this Court's review.")). This rule has been regularly and consistently applied by the New York State courts in circumstances similar to those presented by Petitioner's case. See, e.g., Angelo, 88 N.Y.2d at 222; People v. Valdez-Cruz, 99 A.D.3d 738, 739 (2d Dep't 2012) ("[D]efendant contends that he was deprived of his constitutional right to present a defense. This contention is not preserved for appellate review, since he did not make this argument at trial[.]") (citing People v. Haddock, 79 A.D.3d 1148, (2d Dep't 2010) (same); People v. Simon, 6 A.D.3d 733, 733 (2d Dep't 2004) ("The defendant contends that the trial court erred in denying his request for a missing witness charge with respect to a particular uncalled witness. However, since the specific substantive arguments that the defendant presently makes are raised for the first time on appeal,

they are unpreserved for appellate review[.]") (citations omitted);
see also People v. Von Thaden, 108 A.D.3d 733, 734 (2d Dep't 2013)
(similar).

Because the procedural rule relied upon in Petitioner's case
was both independent of the federal question and adequate to
support the judgment, the Court finds that the claim is
procedurally defaulted. As explained above, Petitioner has not
attempted to make the showing required to overcome the procedural
default, and no bases for excusing the default are apparent on the
record. The Court therefore dismisses the "right to present a
defense" claim as procedurally barred and does not reach the claims
merits.

## V.   Non-Cognizable Claim

Petitioner contends that the trial court misapplied New York's
Rape Shield Law when it precluded him from testifying that during
one of his grandchildren's visits, he saw them engaging in
sexualized play. On direct appeal, the Appellate Division held that
the testimony in question did "'not fall within any of the
exceptions set forth in CPL 60.42 (1) through (4), and defendant
failed to make an offer of proof demonstrating that such evidence
was relevant and admissible pursuant to CPL 60.42(5)[.]'" People v.
Schafer, 81 A.D.3d at 1362 (quotation and citation omitted). The
Appellate Division explained that "[d]efendant's only application
pursuant to CPL 60.42 concerned testimony regarding a different

incident than the one about which he attempted to testify, and that testimony was to be given by a different witness than defendant, for a different purpose than the one raised on appeal." Id.

To the extent that Petitioner claims that the trial court's ruling pursuant to C.P.L. § 60.42 denied him the ability to present his defense, thereby violating his due process rights, that claim has been found to be procedurally defaulted, see Section IV, supra. Plaintiff's contention that the trial court simply erred in applying New York's Rape Shield Law is not an issue cognizable in this federal habeas proceeding, as discussed further below.

An inquiry into whether evidence was properly admitted under state law "is not part of a federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). The admission or exclusion of evidence lies within the sound discretion of the trial court. Scales v. United States, 367 U.S. 203, 256 (1961).

C.P.L.§ 60.42(5) provides, in relevant part, that

[e]vidence of a victim's sexual conduct shall not be admissible in a prosecution for an offense or an attempt to commit an offense [as] defined [elsewhere] . . . unless such evidence:

1. proves or tends to prove specific instances of the victim's prior sexual conduct with the accused; or

2. proves or tends to prove that the victim has been convicted of an offense under section 230.00 of the penal law [i.e., offenses relating to prostitution] within

three years prior to the sex offense which is the subject of the prosecution; or

3. rebuts evidence introduced by the people of the victim's failure to engage in sexual intercourse, oral sexual conduct, anal sexual conduct or sexual contact during a given period of time; or

4. rebuts evidence introduced by the people which proves or tends to prove that the accused is the cause of pregnancy or disease of the victim, or the source of semen found in the victim; or

5. is determined by the court *after an offer of proof by the accused* outside the hearing of the jury, or such hearing as the court may require, and a statement by the court of its findings of fact essential to its determination, to be relevant and admissible in the interests of justice.

N.Y. CRIM. PROC. LAW § 60.42(1)-(5) (emphasis supplied). Plainly, the first four exceptions do not apply to Petitioner's case.

As noted above, Petitioner argued on appeal that he should have been permitted to testify regarding his alleged observation of his grandchildren "dry-humping". The only possible exception that could apply is the fifth one, which allows the trial court to admit otherwise excludable evidence, in the interests of justice. However, a prerequisite to admission under the fifth exception is an evidentiary proffer by the defense.

Here, defense counsel did not make an offer of proof as to why he should be permitted to testify that he observed the two victims dry-humping each other. Instead, defense counsel made an application under C.P.L. § 60.42 to have a different witness (the victim's mother) testify about a different incident. Thus, the

trial court was not given the opportunity to exercise its discretion to determine whether the incident concerning the victims' alleged sexualized playing was "relevant and admissible in the interests of justice" under C.P.L. § 60.42(5).

Under these circumstances, where the trial court did not have the opportunity to apply C.P.L. § 60.42(5) due to defense counsel's failure to make an offer of proof, the Court can discern no error under state evidentiary law, much less an error of constitutional magnitude.

## VI. Conclusion

For the foregoing reasons, Petitioner's request for a writ of habeas corpus is denied; and the petition (Dkt #1) is dismissed with prejudice. Because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

**SO ORDERED.**

S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge

DATED:    September 17, 2013
          Rochester, New York